## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-218 |
| | ) | |
| JAMAAL MARAGH | ) | |

### <u>ORDER OF COURT</u>

AND NOW, this 21st day of July, 2026 upon consideration of certain pretrial motions filed by Defendant Jamaal Maragh, (Docket Nos. 2169, 2172, 2174, 2176, 2178), and the Government's Response thereto, (Docket No. 2241 at 5-8, 11-21), IT IS HEREBY ORDERED that the pretrial motions are granted in part and denied in part, as follows:

1. Defendant's Motion for Disclosure of *Brady/Giglio* Materials, (Docket No. 2169), Motion to Compel the Government to Provide Defendant With a Written Statement of Uncharged Misconduct Evidence and/or Rule 404(b) Evidence, (Docket No. 2174), and Motion for Early Disclosure of Jencks Materials, (Docket No. 2178), are denied as premature and without prejudice, as the Court will set deadlines for the disclosure of *Brady/Giglio* impeachment[1] and Rule 404(b)[2] materials in the Pretrial Order and

---

[1]     As set forth in the Government's Response, it is aware of its obligations under *Brady*, and it will make prompt disclosure if it becomes aware of any actual exculpatory information that may exist and has not already been disclosed. (Docket No. 2241 at 6). Further, to the extent that impeachment evidence exists for its witnesses, the Government acknowledges its obligations and submits that it will provide any such information in accordance with the Court's Pretrial Order. (*Id.* at 8).

[2]     Rule 404(b) requires the Government to provide written "reasonable notice" of other acts evidence that it intends to offer at trial, so that the defendant has a fair opportunity to meet it. *See* Fed. R. Evid. 404(b)(3)(A). What constitutes "reasonable notice" under Rule 404(b) depends on "the circumstances and complexity of the prosecution." *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016). In general, courts have found that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is reasonable. *See e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) ("Courts that have considered what constitutes 'reasonable notice' have concluded that notice of intent to use Rule 404(b) evidence seven to ten days prior to trial is sufficient.") (citations omitted). Here, the Government indicates that it is willing to provide any applicable Rule 404(b) notice at least two weeks prior to trial. (*See* Docket No. 2241 at 17, 20).

To the extent Defendant requests notice of any prior convictions the Government may use for impeachment purposes if he elects to testify at trial, (*see* Docket No. 2174, ¶ 2), under Rule 609(b), the Government is required to

1

otherwise lacks the authority to order the production of Jencks Act materials until after a Government witness testifies on direct examination.[3]

2. Defendant's Motion for Additional Discovery, (Docket No. 2172), is denied as moot to the extent he requests information which the Government already has provided or has indicated does not exist as set forth in the Receipt for Local Criminal Rule 16 Material and in its Response, (*see* Docket Nos. 647; 2241 at 13-16), and it is further denied as premature and without prejudice given the Court's expectation that the Government will adhere to its ongoing obligations at the appropriate times under Federal Rule of Criminal Procedure 16, *Brady/Giglio* and the Jencks Act. To the extent Defendant believes any discovery items remain outstanding, he shall confer with the Government concerning his specific request. If such conferral does not resolve the matter, Defendant may file a renewed motion concerning the particular item(s) he seeks. *See* LCrR 16(E) ("Counsel shall confer and attempt to resolve issues regarding additional discovery before a motion to produce is filed with the Court.").

3. Defendant's Motion for Court Order to Preserve Rough Notes, (Docket No. 2176), is

---

provide "reasonable written notice" of its intent to use evidence of a conviction more than ten years old. *See* Fed. R. Evid. 609(b)(2). In this case, the Government indicates that it will provide such notice at least two weeks prior to trial. (*See* Docket No. 2241 at 20). The Government notes, however, that it already has disclosed Defendant's NCIC criminal history report and he also has the benefit of a pre-plea Presentence Investigation Report prepared by the Probation Office, which outlines his criminal history, thus he is on notice that he may be subject to impeachment based on certain convictions if he chooses to testify. (*Id.* at 19, n.2).

[3]     The Jencks Act and Federal Rule of Criminal Procedure 26.2 provide that after a Government witness testifies, and upon motion by the defendant, the Government must produce any statement of the witness in the possession of the United States that relates to the subject matter of the witness' testimony. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a); *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). As such, "the government has no obligation to produce Jencks material until the witness has testified." *United States v. Maury*, 695 F.3d 227, 248 (3d Cir. 2012). Nevertheless, in this case, the Government indicates that it will voluntarily provide Jencks Act materials 14 days prior to trial. (*See* Docket No. 2241 at 21; *Maury*, 695 F.3d at 248 n.18 (recognizing that "[d]espite [§ 3500(a)], many federal prosecutors routinely turn over Jencks material a few days before the witness testifies")). Therefore, when a Pretrial Order is issued in this case, the Court will encourage the Government to provide Jencks Act materials in accordance with this schedule.

granted. *See United States v. Vella*, 562 F.2d 275, 276 (3d Cir. 1977) (holding that "the rough interview notes of F.B.I. agents should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act"); *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of drafts of agents' reports). Here, the Government indicates that it has no objection to Defendant's request for preservation of the rough notes of the federal agents and task force officers involved in this case, and it will produce that material to the defense with other Jencks material. (*See* Docket No. 2241 at 21).

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record