**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-218 |
| | ) | |
| JAMAAL MARAGH | ) | |

## <u>MEMORANDUM ORDER</u>

Defendant Jamaal Maragh and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Presently before the Court is Defendant's Motion for Bill of Particulars, in which he contends that a bill of particulars is warranted because the Indictment is unclear as to (1) how the conspiracy originated and continued throughout the alleged time period and (2) what overt acts he engaged in and how the various drug amounts alleged against him were reasonably foreseeable to him. (Docket No. 2171, ¶ 12).

The Government opposes Defendant's Motion, arguing that the Indictment provides him with adequate notice of the essential facts of the case, including the length of the conspiracy and the illicit drugs involved in it. (Docket No. 2241 at 10). Additionally, the Government's discovery productions, including the wiretap affidavits, provide Defendant with the additional detail he seeks regarding his (and others') alleged involvement in the conspiracy. (*Id.*). Therefore, the Government maintains that a bill of particulars is unnecessary because it already has disclosed to Defendant the manner and means by which he participated in the alleged conspiracy, the type of

1

narcotics involved, the period in which he is alleged to have participated, and the other individuals involved. (*Id.* at 10-11).

Before analyzing whether a bill or particulars is warranted, the Court initially observes that the Indictment in this case comports with the requirements of the Federal Rules of Criminal Procedure and case law construing the same. *See United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (determining sufficiency of indictment before resolving appeal of denial of bill of particulars). Pursuant to Rule 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1); *see United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (explaining that "detailed allegations" are not contemplated by Rule 7(c)(1)). An indictment is sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007) (citation omitted). "Usually, a recitation of the statutory language satisfies the first requirement, so long as there is sufficient factual orientation to permit a defendant to prepare his defense and invoke double jeopardy." *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (internal quotation marks and citation omitted). "And typically, a factual orientation that includes a specification of the time period of the alleged offense is sufficient for the second and third requirements." *Id.*

In this case, Count One of the Indictment satisfies the requirements of Rule 7(c)(1) and is sufficiently pled in accordance with controlling Third Circuit authority discussed above. Count One informs Defendant of the statutory section he is charged with violating, sufficiently sets forth the elements of the charged offense, and specifies the time frame of the alleged criminal conduct.

2

Turning to Defendant's request, a bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor."[1]  *Urban*, 404 F.3d at 771 (citation omitted).  The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense."  *Id.* (quoting *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971)).  It is within the district court's discretion whether to grant a bill of particulars.  *See* Fed. R. Crim. P. 7(f) ("The court **may** direct the government to file a bill of particulars.") (emphasis added); *United States v. Adams*, 759 F.2d 1099, 1113 (3d Cir. 1985); *Addonizio*, 451 F.2d at 64 (explaining that "the granting of a bill of particulars remains a discretionary matter with the trial court").

A bill of particulars, unlike discovery, is not intended to provide a defendant with the fruits of the Government's investigation, but rather to give the defendant only that minimum amount of information necessary to allow him to conduct his own investigation.  *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985); *Addonizio*, 451 F.2d at 64 (acknowledging that the Government is not required at the pre-trial stage to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants").  As discussed above, the Indictment in this case sufficiently provides the particulars of the drug conspiracy offense to place Defendant on notice of the charge against him and to permit him to conduct his own investigation.  Defendant's request for the more specific "when, where and how" of the charge against him is tantamount to a request for broad discovery of the Government's evidence which is not the proper purpose of a bill of particulars.  *See United States v. Armocida*, 515 F.2d 49, 54 (3d

---

[1]    A defendant "may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f). Defendant's Motion is untimely given that he was arraigned on April 23, 2021. (Docket No. 634). Nonetheless, the Court permits Defendant's Motion , proceeds to consider it, and denies it for the reasons explained herein.

Cir. 1975); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa. 1982) (A bill of particulars "is not a means by which the defendant may compel the disclosure of every detail of the preparation and theory behind the Government's case."). Furthermore, Defendant's complaint that the Indictment does not allege the overt acts he engaged in fails to advance his request for a bill of particulars because the Government is not required to prove any overt acts in furtherance of a conspiracy charged under 21 U.S.C. § 846. *See United States v. Shabani*, 513 U.S. 10, 11 (1994) ("This case asks us to consider whether 21 U.S.C. § 846, the drug conspiracy statute, requires the Government to prove that a conspirator committed an overt act in furtherance of the conspiracy. We conclude that it does not."); *United States v. Williams*, 974 F.3d 320, 368 (3d Cir. 2020) (a drug trafficking conspiracy does not require an overt act).

Moreover, in assessing the necessity of a bill of particulars, the Court also considers any information conveyed to a defendant beyond the allegations of the indictment, and notes that "access to discovery further weakens the case for a bill of particulars." *Urban*, 404 F.3d at 772; *see also United States v. Barnes*, 2:17-cr-00171, 2021 WL 6051561, at *18 (W.D. Pa. Dec. 20, 2021) (In ruling on a motion for a bill of particulars, "the Court considers the indictment itself, as well as 'all of the information that has been made available to the defendant[ ]' during the course of the case.") (quoting *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983)). The Government submits that it has provided Defendant with all of the affidavits that were submitted in connection with the Title III wiretap investigation, each of which describes numerous intercepted communications involving Defendant and the Government's interpretation of the intercepted communications, as well as the seizures of certain parcels containing narcotics and Defendant's involvement with those parcels. (*See* Docket No. 2241 at 9). Given the Indictment itself and the discovery produced to the defense as detailed in the Government's

4

Response, the record indicates that Defendant has been sufficiently apprised of the particulars of the charge against him to permit him to prepare for trial. *See Urban*, 404 F.3d at 772 (affirming denial of bill of particulars where indictment provided more than enough information to prepare effective defense strategy and the defendants had access through discovery to evidence relied upon by the Government). Accordingly, the Court declines to exercise its discretion to direct the Government to file a bill of particulars in this case.

Based on the foregoing, the Court enters the following Order:

AND NOW, this 21st day of July, 2026, IT IS HEREBY ORDERED that Defendant's Motion for Bill of Particulars, (Docket No. 2171), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record