IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-218 |
| | ) | |
| JAMAAL MARAGH | ) | |

**MEMORANDUM ORDER**

Defendant Jamaal Maragh and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Presently before the Court is Defendant's Motion to Produce Grand Jury Transcripts, wherein he requests that "all grand jury transcripts" be produced to him "forthwith," which is opposed by the Government. (*See* Docket Nos. 2196 at 3; 2241 at 22-23). For reasons that follow, Defendant's Motion will be denied.

It is well settled that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218-19 (1979) (enumerating interests served by safeguarding the confidentiality of grand jury proceedings); *see also Giles v. California*, 554 U.S. 353, 371 (2008) ("[T]he standard practice since approximately the 17th century has been to conduct grand jury proceedings in secret, without confrontation, in part so that the defendant does not learn the State's case in advance."). Federal Rule of Criminal Procedure 6(e) "is intended to preserve the tradition of grand jury secrecy, creating a general rule of confidentiality for all matters occurring before the grand jury." *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997) (internal quotation marks omitted). Secrecy is not absolute, and Rule 6(e)(3) contains certain exceptions. *See, e.g., United States v. Woodley*,

1

Crim. No. 13-113, 2016 WL 323676, at *5 (W.D. Pa. Jan. 25, 2016) (discussing exception involving whether a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury). To obtain grand jury transcripts, a party "must show a particularized need for [the] information which outweighs the public interest in secrecy." *United States v. McDowell*, 888 F.2d 285, 289 (3d Cir. 1989) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683 (1958)). To do so, the requesting party must show that the material sought is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the request is structured to cover only the material that is needed. *Douglas Oil*, 441 U.S. at 222.

Here, in requesting immediate production of "all grand jury transcripts," [1] (*see* Docket No. 2196 at 3), Defendant cites the exceptions in Rule 6(e)(3)(E)(i) and (ii) authorizing disclosure of grand jury transcripts "preliminarily to or in connection with a judicial proceeding" and "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." (*Id.*, ¶ 2). Although Defendant cites both provisions, his arguments are predicated on Rule 6(e)(3)(E)(ii). Accordingly, the Court will focus only on subsection (ii) because "it is settled that ... exception [(i)] applies only to situations where the judicial proceeding for which disclosure of grand jury material is sought is a judicial proceeding different from the criminal trial authorized by the grand jury's indictment." *United States v. Bunty*, 617 F. Supp. 2d 359, 372 (E.D. Pa. 2008) (citation omitted); *see also United States v. Marx*, No.

---

[1]    Notably, Defendant does not contend that his request is structured to cover only the material that is needed. *See Douglas Oil*, 441 U.S. at 222. Rather, Defendant requests "all grand jury transcripts." (Docket No. 2196 at 3). Defendant's broad request is tantamount to an attempted fishing expedition, which courts routinely have rejected. *See, e.g., United States v. Weingold,* 69 F. App'x 575, 579 (3d Cir. 2003) (affirming the district court's denial of a defendant's request for disclosure of all grand jury transcripts because the "request . . . was simply a fishing expedition by the defendant"); *United States v. Slade*, Crim. No. 12-0367, 2013 WL 3344341, at *4 (E.D. Pa. July 3, 2013) ("Grand jury materials may not be disclosed to the defendant for the purpose of a fishing expedition or to satisfy an unsupported hope of revelation of useful information.") (internal quotation marks and citation omitted).

2:23-CR-00323, 2023 WL 8113271, at *2 (E.D. Pa. Nov. 22, 2023) ("The 'judicial proceeding' on which [defendant] bases his request is the instant case. Rule 6(e)(3)(E)(i) does not authorize disclosure in these circumstances.").

Under Rule 6(e)(3)(E)(ii), "courts generally reject unsupported beliefs and conjectures as grounds for disclosure of grand jury materials to defendants." *Bunty*, 617 F. Supp. 2d at 372 (quoting *United States v. Shane*, 584 F. Supp. 364, 367 (E.D. Pa. 1984)). A defendant seeking disclosure of grand jury materials based on misconduct "should document his allegations with affidavits or other proffered evidence. Such affidavits or other evidence should be of a particularity sufficient to support a finding that 'inherently suspect' procedures were used before the grand jury." *Shane*, 584 F. Supp. at 367. Contrary to this authority, Defendant claims that a particularized need for disclosure of all grand jury transcripts exists based on his own unsupported assertion that the Government relied on false evidence to create the requisite probable cause to indict him. (Docket No. 2196, ¶¶ 5, 8). Defendant's bald assertion is insufficient to establish a particularized need for disclosure. *See United States v. Chalker*, No. 12-0367, 2013 WL 4547754, at *7 (E.D. Pa. Aug. 27, 2013) ("[A] bald assertion, without any factual basis, is insufficient to meet [the] heavy burden of establishing a particularized need for disclosure.").

Defendant also contends that immediate disclosure of the grand jury transcripts is warranted because he was indicted during the peak of the COVID-19 pandemic and required grand jury protocols were ignored. (Docket No. 2196, ¶¶ 6, 7). Defendant further theorizes that the Government relied on video testimony, remote presentation of evidence, and remote assembly of grand jurors to indict him. (*Id.*, ¶ 7). To the contrary, counsel for the Government represents that "the grand jurors, the witnesses, and the undersigned prosecutor appeared in person in connection with the Indictment in this case." (Docket No. 2241 at 22). Consequently, Defendant's speculation

3

that the Government did not follow proper grand jury procedure related to the Indictment in this case fails to establish a particularized need for disclosure of the grand jury transcripts. *See Bunty*, 617 F. Supp. 2d at 372; *Chalker*, 2013 WL 4547754, at \*7.

To the extent Defendant otherwise seeks production of the grand jury transcripts to aid in trial preparation, disclosure is not justified on that basis. *See, e.g., United States v. Nunez*, 2:19-CR-00381, 2021 WL 1422287, at \*10 (W.D. Pa. Apr. 15, 2021) (A defendant's "contention that the grand jury testimony is needed to develop the defense trial strategy and affirmative defenses, identify potential defense witnesses, and cross-examine government witnesses are insufficient bases for compelling the disclosure of grand jury testimony."); *Slade*, 2013 WL 3344341, at \*5 (observing that a request for grand jury materials premised on the need to prepare a defense is not a proper basis to overcome the presumption of secrecy afforded to such materials). As the Supreme Court instructed, "the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.' " *Douglas Oil*, 441 U.S. at 222 n.12 (quoting *Procter & Gamble*, 356 U.S. at 683). In contrast here, Defendant fails to advance a particularized need premised on any of the bases identified by the Supreme Court in *Douglas Oil.*

With that said, "[a] defendant may be entitled to review grand jury testimony after a witness 'testifie[s] on direct examination at trial if their grand jury testimony [is] related to the subject matter of their trial testimony.' " *Nunez*, 2021 WL 1422287, at \*9 (quoting *United States v. Jackson*, 363 F. App'x 159, 161 (3d Cir. 2010)). The Court's pretrial order will encourage the Government to produce Jencks Act materials prior to the pretrial conference, and the Government has indicated its willingness to disclose such materials 14 days before trial. (*See* Docket No. 2241 at 21). Therefore, the Court is confident that the Government will provide Defendant with grand

jury materials for any grand jury witness who will testify at trial during the Government's case-in-chief at the appropriate time, in accordance with the Jencks Act.

In summary, while the Court has discretion to order disclosure of grand jury transcripts earlier, Defendant has not sustained his burden to show a particularized need for the early production of any such information here. Accordingly, the Court enters the following Order:

AND NOW, this 21st day of July 2026, IT IS HEREBY ORDERED that Defendant's Motion to Produce Grand Jury Transcripts, (Docket No. 2196), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record