## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 20-218 |
| | ) |
| JAMAAL MARAGH | ) |

### **MEMORANDUM ORDER**

Defendant Jamaal Maragh and 26 others are charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, contrary to the provisions of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Presently before the Court is Defendant's Motion for *Franks* Hearing, which is opposed by the Government. (*See* Docket Nos. 2195; 2241 at 34-37). For reasons that follow, Defendant's Motion will be denied.

Defendant argues that he is entitled to a *Franks* hearing because "the representations made in Paragraphs 16 through 19 of the affidavits submitted in support of the wiretaps are false and/or misleading and . . . the inclusion of such representations in the affidavits [was] made, at a minimum, in reckless disregard for the truth." (Docket No. 2195, ¶ 9). Defendant maintains that the representations regarding prior wiretap authorizations are designed to mislead the factfinder into believing that he was the leader of a large-scale drug trafficking network, but the allegations in those paragraphs are irrelevant to this case. (*Id.*, ¶ 10). According to Defendant, if those misrepresentations are excised from the affidavits, probable cause does not exist to issue the wiretap orders. (*Id.*, ¶ 13).

1

The Government responds that Defendant's Motion requesting a *Franks* hearing is vague and underdeveloped. (Docket No. 2241 at 34). The paragraphs of the wiretap affidavits that Defendant references are part of a section entitled "Prior Applications," which describes the affiant's knowledge concerning prior applications to intercept the communications of the target subjects named in the affidavits. (*Id.*). As the Government explained, Title III wiretap affidavits must list all prior wiretap applications for the target telephone numbers and the named target subjects, including any wiretaps in which a target subject was intercepted but not named as a target. (*Id.*). The purpose of the "Prior Applications" section is to satisfy the authorizing representative of the Department of Justice and the Court that overlapping or unnecessarily recurring applications for Title III interceptions are not occurring. (*Id.*). The paragraphs about which Defendant complains are not part of the probable cause or necessity sections of the affidavits, and Defendant does not specify how the statements in those paragraphs are false. (*Id.*). The Government submits that the statements in those paragraphs are true, and Defendant has not established otherwise. (*Id.* at 35). Consequently, the Government advocates that Defendant's request for a *Franks* hearing should be denied. (*Id.*).

In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court articulated the rule governing situations involving allegedly misleading search warrant affidavits, holding that a defendant has the right to an evidentiary hearing to challenge the truthfulness of statements made in an affidavit establishing probable cause if certain requirements are met. To obtain a hearing, *Franks* requires a defendant to make a substantial preliminary showing that the affidavit contained a false statement, which was made knowingly and intentionally or with reckless disregard for the truth, and which is necessary to the finding of probable cause. *Id.* at 155–56, 171. In order to make this showing, the defendant cannot rest on conclusory allegations or a "mere desire to cross-

examine." *Id.* at 171.  Rather, he must specifically identify the alleged false statements or omissions in the affidavit[1] and present an offer of proof contradicting the affidavit, including materials such as affidavits or sworn or otherwise reliable statements of witnesses, or provide a satisfactory explanation of their absence. *Id.*; *see also United States v. Desu*, 23 F.4th 224, 234 (3d Cir. 2022) (citing *United States v. Yusuf*, 461 F.3d 374, 383 n. 8 (3d Cir. 2006)).

"[The] preliminary showing [that a defendant must make] is no light burden and puts the defendant to task by requiring some offer of proof that materially false statements were recklessly or intentionally made." *United States v. Romeu*, 433 F. Supp. 3d 631, 645 (M.D. Pa. 2020) (quoting *United States v. Darby*, No. 1:14-CR-00123, 2015 WL 13344905, at *3 (M.D. Pa. Aug. 19, 2015)).  To reiterate, "[t]o make the initial showing, a defendant must allege with specificity what was false in the affidavit, must provide proof, must allege that the affiant had a culpable state of mind, and must allege that the remaining information from the affidavit is insufficient to support a finding of probable cause." *United States v. Yokshan*, 431 F. App'x 170, 173 (3d Cir. 2011) (citing *Franks*, 438 U.S. at 171-72).

If the requirements of the substantial preliminary showing "are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is

---

[1]    Statements or assertions contained in an affidavit of probable cause are "made with reckless disregard when 'viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (quoting *United States v. Clapp*, 46 F.3d 795, 801 n. 6 (8th Cir. 1995)).  Omissions from an affidavit are made with reckless disregard for the truth if an affiant withholds facts that any reasonable person would know that a judge would want to know. *Id.* at 788.  A district court "may properly infer that an affiant acted with reckless disregard for the truth where his affidavit contains an averment that was without sufficient basis at the time he drafted it." *United States v. Brown*, 631 F.3d 638, 649 (3d Cir. 2011).  However, when attempting to demonstrate that the affiant included a false statement in a warrant affidavit or omitted material from it, it is insufficient to prove that he acted with negligence or made an innocent mistake. *Franks*, 438 U.S. at 171; *Yusuf*, 461 F.3d at 383.

required." *Franks*, 438 U.S. at 171-72. However, if the remaining content is insufficient, the defendant is entitled to a hearing.[2] *Id.* at 172.

In light of these legal standards, Defendant is not entitled to a *Franks* hearing because he has not made the threshold substantial preliminary showing for two reasons: (1) he did not specifically identify what was false in the affidavits; and (2) he did not make an offer of proof establishing that Special Agent Kline, who authored the affidavits, misstated or omitted information from the affidavits knowingly and intentionally or with reckless disregard for the truth.

First, although Defendant broadly claims that the representations in the paragraphs contained in the "Prior Applications" section of the affidavits were false or misleading, he does not pinpoint any particular statement in those paragraphs which is supposedly false or misleading. Instead, Defendant alleges that those paragraphs were designed to portray a large-scale drug trafficking network led by him, which did not exist. Defendant's vague, unsupported assertion is insufficient to warrant relief under *Franks*. Furthermore, Defendant did not make an offer of proof consisting of affidavits or sworn or otherwise reliable statements of witnesses to contradict the paragraphs contained in the "Prior Applications" section of the affidavits, nor has he explained the absence of these materials. *See Franks*, 438 U.S. at 171; *Desu*, 23 F.4th at 234; *Yusuf*, 461 F.3d at 383, n. 8; *United States v. Rodriguez-Colon*, 827 F. App'x 188, 190 (3d Cir. 2020) (affirming denial of motion to suppress evidence claiming that affidavit in support of search warrant contained material omissions where the defendant's challenge did not contain an offer of proof).

---

[2]     If a *Franks* hearing is held, and the defendant proves by a preponderance of the evidence that the false statements or omissions were made knowingly and intentionally or with a reckless disregard for the truth, and with the affidavit's false material set aside, the remaining content is insufficient to establish probable cause, then the warrant must be voided, and the fruits of the search must be excluded from the trial. *Franks*, 438 U.S. at 156; *see also United States v. Frost*, 999 F.2d 737, 743 (3d Cir. 1993).

4

To reiterate, Defendant fails the first prong of *Franks* because he has not specifically identified any alleged false statements or omissions in the affidavits, nor has he presented an offer of proof contradicting the affidavits and showing that Special Agent Kline knowingly and intentionally made false statements or omitted information from the affidavits or that he acted with reckless disregard for the truth. *See United States v. Rivera*, 524 F. App'x 821, 826 (3d Cir. 2013) ("Even if the information provided by the informants was unreliable, [defendant] has offered no evidence that the detective who provided the affidavit either knew that the information was not true or recklessly disregarded its falsity."). At most, Defendant has made a conclusory allegation that the paragraphs contained in the "Prior Applications" section of the affidavits portrayed him as the leader of a large-scale drug operation that did not exist, which is insufficient to meet his burden for a hearing under *Franks*. *See Desu*, 23 F.4th at 234 (explaining that a defendant cannot "rest on mere conclusory allegations . . . but rather must present an offer of proof contradicting the affidavit, including materials such as sworn affidavits or otherwise reliable statements from witnesses") (quoting *Yusuf*, 461 F.3d at 383, n.8). Accordingly, Defendant is not entitled to a *Franks* hearing, and the Court enters the following Order:

AND NOW, this 21st day of July 2026, IT IS HEREBY ORDERED that Defendant's Motion for *Franks* Hearing, (Docket No. 2195), is DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record