**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 20-218-1 |
| | ) | |
| JAMAAL MARAGH | ) | |

**MEMORANDUM OPINION**

Presently before the Court is Defendant Jamaal Maragh's Motion to Suppress Wiretap Evidence, (Docket No. 1801), which is opposed by the Government. (Docket No. 1849). For the following reasons, Defendant's Motion will be denied.

**I.    BACKGROUND**

The charges in this case arose from a Title III wiretap investigation conducted by agents and task force officers with the Drug Enforcement Administration ("DEA"), the United States Postal Service Office of the Inspector General ("USPS-OIG"), and other law enforcement partners targeting a drug trafficking organization ("DTO") allegedly responsible for the trafficking of kilograms of cocaine from Mexico to the United States where Defendant and his co-conspirators then allegedly distributed cocaine in this District and elsewhere. (Docket No. 1849 at 1). The wiretap phase of the investigation, which began in November 2019 and continued through June 2020, involved nine Target Telephones. (Docket No. 1849 at 1). Authorization to intercept communications over the Target Telephones was sought and received via eight applications between November 25, 2019 and May 15, 2020. (*Id.* at 2-6). As is generally the case with these types of investigative materials, the subsequent Affidavits build on the earlier ones, providing additional information obtained from the intercepted communications pursuant to the prior Applications as support for the requested extension or initiation of intercepts on a new telephone.

1

The Applications and supporting Affidavits, along with the Orders authorizing the interception of wire and electronic communications, are sealed and docketed at Misc. Nos. 19-1231 through 19-1231(g),[1] and are summarized as follows:

- On November 25, 2019, District Judge Cathy Bissoon signed an Order at Misc. No. 19-1231 authorizing the initial interception of wire and electronic communications over Target Telephone #1 utilized by Defendant. (Docket No. 1849 at 2). USPS-OIG Special Agent ("SA") Christopher J. Kline, who was a Task Force Agent with the DEA in Pittsburgh, completed the Affidavit in support of the Application at Misc. No. 19-1231 (hereinafter, "Affidavit I"). (Affidavit I, ¶¶ 2, 3).

- On December 23, 2019, District Judge Mark Hornak signed an Order at Misc. No. 19-1231(a) authorizing the continued interception of wire and electronic communications over Target Telephone #1 utilized by Defendant, the initial interception of wire communications over Target Telephone #2 utilized by co-defendant Alejandres, the initial interception of wire communications over Target Telephone #3 utilized by co-defendant Bravo, and the initial interception of wire and electronic communications over Target Telephone #4 utilized by Defendant. (Docket No. 1849 at 2-3). SA Kline completed the Affidavit in support of the Application at Misc. No. 19-1231(a) (hereinafter, "Affidavit II").

- On January 21, 2020, Judge Bissoon signed an Order at Misc. No. 19-1231(b) authorizing the continued interception of wire and electronic communications over Target Telephone #1 utilized by Defendant, the continued interception of wire communications over Target Telephone #2 utilized by Alejandres, the continued interception of wire communications and the initial interception of electronic communications over Target Telephone #3 utilized by Bravo, the continued interception of wire and electronic communications over Target Telephone #4 utilized by Defendant, and the initial interception of wire and electronic communications over Target Telephone #5 utilized by co-defendant Silvestre. (Docket No. 1849 at 3). SA Kline completed the Affidavit in support of the Application at Misc. No. 19-1231(b) (hereinafter, "Affidavit III").

- On January 31, 2020, District Judge J. Nicholas Ranjan signed an Order at Misc. No. 19-1231(c) authorizing the initial interception and recording of wire and electronic communications over Target Telephone #6 utilized by Bravo. (Docket No. 1849 at 4). USPS-OIG SA Adam Gaab, who was a Task Force Agent with the DEA in Pittsburgh, completed the Affidavit in

---

[1] The Government provided the Court with these materials for *in camera* review.

support of the Application at Misc. No. 19-1231(c) (hereinafter, "Affidavit IV"). (Affidavit IV, ¶¶ 2, 3).

- On February 20, 2020, Judge Bissoon signed an Order at Misc. No. 19-1231(d) authorizing the continued interception and recording of wire and electronic communications over Target Telephones #1 and #4, both utilized by Defendant, as well as Target Telephone #5 utilized by Silvestre and Target Telephone #6 utilized by Bravo. (Docket No. 1849 at 4). SA Kline completed the Affidavit in support of the Application at Misc. No. 19-1231(d) (hereinafter, "Affidavit V").

- On March 20, 2020, Judge Hornak signed an Order at Misc. No. 19-1231(e) authorizing the continued interception and recording of wire and electronic communications over Target Telephone #1 and the continued interception and recording of wire communications over Target Telephone #4, both utilized by Defendant, as well as the initial interception of wire and electronic communications over Target Telephone #7 utilized by Bravo. (Docket No. 1849 at 5). SA Kline completed the Affidavit in support of the Application at Misc. No. 19-1231(e) (hereinafter, "Affidavit VI").

- On April 17, 2020, Judge Ranjan signed an Order at Misc. No. 19-1231(f) authorizing the continued interception and recording of wire and electronic communications over Target Telephone #1 and the continued interception and recording of wire communications over Target Telephone #4, both utilized by Defendant, as well as the initial interception of wire and electronic communications over Target Telephone #8 utilized by Bravo and Target Telephone #9 utilized by Silvestre. (Docket No. 1849 at 5). SA Kline completed the Affidavit in support of the Application at Misc. No. 19-1231(f) (hereinafter, "Affidavit VII").

- On May 15, 2020, Judge Bissoon signed an Order at Misc. No. 19-1231(g) authorizing the continued interception and recording of wire and electronic communications over Target Telephone #1 and the continued interception and recording of wire communications over Target Telephone #4, both utilized by Defendant. (Docket No. 1849 at 5-6). SA Kline completed the Affidavit in support of the Application at Misc. No. 19-1231(g) (hereinafter, "Affidavit VIII").

In approving each Application, Judge Bissoon, Judge Hornak, and Judge Ranjan found, *inter alia*, that there was probable cause to believe that Defendant and the other target subjects committed, were committing, or would continue to commit felony drug trafficking offenses; probable cause to believe that particular wire and electronic communications of those individuals

3

concerning such offenses would be obtained through the interceptions of the Target Telephones; and, that it was "adequately established that normal investigative procedures have been tried and have failed, reasonably appear to be unlikely to succeed if tried, or would be too dangerous to employ." (*See* Misc. No. 19-1231, Order of 11/25/19, ¶¶ 1, 2, 6; Misc. No. 19-1231(a), Order of 12/23/19, ¶¶ 1, 2, 6; Misc. No. 19-1231(b), Order of 1/21/20, ¶¶ 1, 2, 6; Misc. No. 19-1231(c), Order of 1/31/20, ¶¶ 1, 2, 6; Misc. No. 19-1231(d), Order of 2/20/20, ¶¶ 1, 2, 6; Misc. No. 19-1231(e), Order of 3/20/20, ¶¶ 1, 2, 6; Misc. No. 19-1231(f), Order of 4/17/20, ¶¶ 1, 2, 6; Misc. No. 19-1231(g), Order of 5/15/20, ¶¶ 1, 2, 6).

Ultimately, on August 25, 2020, Defendant and 26 co-defendants were charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3).

Defendant now moves to suppress communications that were intercepted over the Target Telephones pursuant to the wiretap orders at Misc. Nos. 19-1231 through 19-1231(g), contending that "the [G]overnment failed to meet the necessity requirement of 18 U.S.C. § 2518(1)(c)." (Docket No. 1801 at 1). Defendant does not challenge the probable cause underlying issuance of the orders authorizing the interception of the communications on the Target Telephones, nor does he raise any other issue regarding the wiretap Affidavits or the orders that were entered. Accordingly, the Government correctly notes that "the sole issue before the Court is whether wiretap Affidavits I through VIII established the requisite necessity to justify the interceptions." (Docket No. 1849 at 6). The Government advocates that each Affidavit "more than satisfied the necessity requirement,"[2] thus Defendant's Motion to Suppress the wiretap evidence should be

---

2        The Government acknowledges that Affidavits I through VIII are relevant because Defendant's

4

denied. (*Id.*). After considering the parties' submissions and reviewing the Affidavits at issue, the Court finds that each Affidavit sets forth more than sufficient facts to establish necessity for the wiretap generally and specifically as to the referenced Target Telephones, thus suppression of the intercepted communications is unwarranted.

## II.    **DISCUSSION**

An application for a wiretap order must contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). Before issuing an order authorizing a wiretap, a court must then determine, on the basis of the application, that "normal investigative procedures have been tried and have failed or reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(3)(c). In other words, the issuing judge must find a wiretap to be necessary.

Contrary to Defendant's assertion that "[t]he normal or traditional law enforcement investigation leading up to the initial wiretap application was extremely minimal," (Docket No. 1801 at 8), the statutory requirement of necessity does not mandate that the Government exhaust all other investigative procedures before resorting to electronic surveillance. *United States v. Williams*, 124 F.3d 411, 418 (3d Cir. 1997). Instead, it is sufficient if there is evidence that "normal investigative techniques . . . reasonably appear to be unlikely to succeed if tried." *Id.* (quoting 18 U.S.C. § 2518(3)(c)). To make such a showing, "[t]he government need only lay a 'factual predicate' sufficient to inform the [authorizing] judge why other methods of investigation are not sufficient." *United States v. McGlory*, 968 F.2d 309, 345 (3d Cir. 1992) (citing *United States v.*

---

communications were intercepted through the wiretaps on each of the Target Telephones referenced in the Affidavits. (Docket No. 1849 at 11).

*Armocida*, 515 F.2d 29, 38 (3d Cir. 1975)).  In determining whether this requirement has been satisfied, a court "may properly take into account affirmations which are founded in part upon the experience of specially trained agents."[3] *Williams*, 124 F.3d at 418 (quoting *United States v. Ashley*, 876 F.2d 1069, 1072 (1st Cir.1989)).  Further, "[t]he government's showing is to be 'tested in a practical and commonsense fashion.' " *McGlory*, 968 F.2d at 345 (quoting *United States v. Vento*, 533 F.2d 838, 849 (3d Cir. 1976)).  When a wiretap order is later challenged, a deferential standard of review is applied in determining whether the issuing judge had a "substantial basis" for authorizing the wiretap.  *See United States v. Gilliam*, No. 02:12-CR-93, 2015 WL 5178197, at *14 (W.D. Pa. Sept. 4, 2015) (citing *United States v. Conley,* 4 F.3d 1200, 1205 (3d Cir. 1993); *Illinois v. Gates,* 462 U.S. 213, 237 (1983)).  Finally, where, as here, a motion challenges the four corners of an affidavit and application, an evidentiary hearing is not required.  *See id.*

In light of these prevailing legal standards, the Court finds that the Affidavits submitted in support of the Applications relative to the Target Telephones demonstrate conclusively that Judge Bissoon, Judge Hornak, and Judge Ranjan had a "substantial basis" for initially authorizing the wiretap and each subsequent extension of it.  *See Gilliam*, 2015 WL 5178197, at *14.  Contrary to Defendant's position that normal or traditional law enforcement investigation leading up to the initial wiretap application was "extremely minimal" and that other normal or traditional avenues of investigation were dismissed, (*see* Docket No. 1801 at 8), the Government simply is not required to exhaust all potential investigative methods before obtaining a wiretap.  *See Williams*, 124 F.3d at 418.  To reiterate, "[t]he government need only lay a 'factual predicate' sufficient to inform the [authorizing] judge why other methods of investigation are not sufficient." *McGlory*, 968 F.2d at

---

3    In this regard, the Court notes that both SA Kline and SA Gaab, who were the affiants on the Affidavits at issue here, were experienced agents who previously participated in a number of narcotics and money laundering investigations, which resulted in the seizure of illegal drugs and evidence of drug violations, as well as the seizure of assets acquired with drug proceeds. (*See* Affidavit I, ¶ 3; Affidavit IV, ¶ 3).

345 (citation omitted). The Government more than satisfied that requirement here. The Affidavits contain detailed and comprehensive descriptions of the challenges and limitations of other traditional investigative techniques that were used or considered during the investigation including: confidential sources; controlled purchases and undercover officers; physical and electronic surveillance; surveillance cameras; search warrants; grand jury testimony and interviews; analysis of financial records; mail covers; vehicle tracking devices; GPS/E911 location data; and other wiretaps. (*See* Affidavit I, ¶¶ 132-174; Affidavit II, ¶¶ 111-171; Affidavit III, ¶¶ 221-262; Affidavit IV, ¶¶ 133-192; Affidavit V, ¶¶ 199-271; Affidavit VI, ¶¶ 206-272; Affidavit VII, ¶¶ 170-244; Affidavit VIII, ¶¶ 132-215). The Affidavits make clear that these traditional investigative techniques had been inadequate to accomplish the overall goals of the investigation. (*See* Affidavit I, ¶ 131; Affidavit II, ¶ 110; Affidavit III, ¶ 220; Affidavit IV, ¶ 132; Affidavit V, ¶ 198; Affidavit VI, ¶ 205; Affidavit VII, ¶ 169; Affidavit VIII, ¶ 131).

To that end, it is relevant that the investigation's goals were much broader than just investigating Defendant for alleged drug trafficking. *See United States v. Bailey*, 840 F.3d 99, 114–15 (3d Cir. 2016) (permitting wiretap interception of suspect's telephone, despite previously having conducted controlled purchases, where "arresting [him] alone would have frustrated the goals of the broader investigation"); *Armocida*, 515 F.2d at 38 ("Although the government ha[d] actual knowledge of a conspiracy and evidence sufficient to prosecute one of the conspirators, it [would have been] unrealistic to require the termination of an investigation before the entire scope of the narcotics distribution network [was] uncovered and the identity of its participants learned."). As detailed in the Affidavits, law enforcement was investigating a DTO allegedly responsible for trafficking and distributing multi-kilogram quantities of cocaine from California to this District and elsewhere, which was obtained from domestic sources, as well as from Mexico. (*See* Affidavit

I, ¶ 21; Affidavit II, ¶ 21; Affidavit III, ¶ 22; Affidavit IV, ¶ 23; Affidavit V, ¶ 31; Affidavit VI, ¶ 33; Affidavit VII, ¶ 35; Affidavit VIII, ¶ 37). The goals of the investigation were to determine the scope of the DTO and the identity of its members and associates, to determine the organization's methods and manner of operations, and to successfully prosecute the conspirators, their sources of supply, their distributors, and any others who assisted the organization. (*See* Affidavit I, ¶ 130; Affidavit II, ¶ 109; Affidavit III, ¶ 219; Affidavit IV, ¶ 131; Affidavit V, ¶ 197; Affidavit VI, ¶ 204; Affidavit VII, ¶ 168; Affidavit VIII, ¶ 130). As in this case, where an investigation involves a large conspiracy, the Court of Appeals has found that a wiretap is necessary to achieve the investigation's broader goals. *See Bailey*, 840 F.3d at 116 ("[I]n the proper circumstances, the instrumentalities of Title III may be employed to discover the full extent of crimes and conspiracies.") (citation omitted); *United States v. Ellis*, 693 F. App'x 137, 139 (3d Cir. 2017) ("[W]here the government investigation targets a large conspiracy and the individuals whose communications will be intercepted are members of that conspiracy, the necessity requirement relates to the demonstrated or probable inadequacy or danger of other investigative techniques to achieve the specific goals pursued by the investigation at hand.") (citation omitted). The Court is satisfied that the Affidavits thoroughly explained why the wiretap was necessary to achieve the investigation's broader goals identified above.

In summary, the Affidavits contained a full and complete statement and explanation as to whether normal investigative procedures had been tried and had failed or why they reasonably appeared to be unlikely to succeed if tried or to be too dangerous, they more than established the necessity for the wiretap, and they otherwise complied with the requirements of 18 U.S.C. § 2518. *See Bailey*, 840 F.3d at 115 ("Far from being inadequate to justify authorization of a wiretap, the government's application here is a textbook model of care and thoroughness…."). Accordingly,

the Court concludes that Defendant's necessity argument is without merit, and suppression of the Title III intercepts is not warranted.

## III.    CONCLUSION

For the reasons discussed herein, Defendant's Motion to Suppress Wiretap Evidence, (Docket No. 1801), is DENIED.

An appropriate Order follows.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

Date:  August 11, 2026


cc/ecf:  All counsel of record